**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| IKEDIA SMITH, | ) | |
| | ) | |
| Plaintiff/Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:10-CR-44-PPS-PRS-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | No. 2:17-CV-339-PPS |
| | ) | |
| Defendant/Respondent. | ) | |

## OPINION AND ORDER

On July 28, 2017, approximately two months after she was sentenced to ten months imprisonment for violating the terms of her supervised release, Petitioner Iedkia Smith, a prisoner without a lawyer, sent a letter to the court seeking to have her sentence vacated. [DE 96.][1] I have previously construed Smith's letter as a motion to vacate her sentence pursuant to 28 U.S.C. § 2255. [DE 100.] In her motion, Smith asks that her sentence be vacated and that she be placed in an inpatient drug treatment program. I must deny Smith's motion because it is without merit. Her ten-month prison sentence was imposed only after she admitted to repeated violations the terms of her supervised release and after she herself requested that she be imprisoned rather than remain under supervised release.

On September 9, 2010, Smith pled guilty to a violation of 18 U.S.C. §922(g) for possessing a firearm as a previously convicted felon. [DE 30.] She was subsequently sentenced

---

[1] Smith was released from custody on May 15, 2018. *See* Federal Bureau of Prisons Inmate Location, *available at* https://www.bop.gov/inmateloc (accessed July 11, 2018). But Smith's release from prison does "not defeat the district court's jurisdiction nor [does] it moot the petition." *Bjerkan v. United States*, 529 F.2d 125, 126 (7th Cir. 1975) (citation omitted).

to sixty months of imprisonment and twenty-four months of supervised released. [DE 74.] After she was released from prison following her original sentence, Smith violated the terms of her supervised release and was sentenced to ten months imprisonment in lieu of continuing with supervised released. [DE 95.] Smith seeks to have this second ten-month sentence vacated.

Smith presents three arguments as to why she is entitled to have her sentence vacated. Each of these arguments are contradicted by Smith's testimony at her revocation hearing where she pleaded guilty to violations of the terms of her supervision. "Entry of a plea of guilty is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *United States v. Loutos*, 383 F.3d 615, 619 (7th Cir. 2004) (citation omitted). As such, Smith's prior sworn statements before me are entitled to a "presumption of verity" that will not be disregarded lightly. *Id.* (citation omitted).

First, Smith states that she was "led to believe imprisonment was my only option" and that "continuing probation with or without extending the term or modifying or enlarging the conditions was a [sic] option that I was not made aware of." [DE 96 at 4.] But at her revocation hearing, I explained to Smith that in the event I found she had violated the terms of her supervised relief, I could either modify the terms of her supervision or sentence her to additional prison time:

> Q. All right. Now, do you understand that if I find that you violated your supervision I'm authorized by law to do one of two things? I could first continue you on supervision and change the terms of the supervision and perhaps extend the supervision, that's the first option. The second option is that I can revoke your supervision and sentence you to an additional term of prison, and in this case I believe the maximum is two years. Do you understand that? A. Yes.

[DE 100 Tr. 4:14-23.] Prior to her revocation hearing, Smith reviewed and signed an Agreed Disposition of Supervised Release Violations in which she admitted to testing positive for marijuana. [DE 93.] She further testified under oath at her revocation hearing that she knew

she was not to use any sort of illegal drugs as part of her supervised release and that she knowingly used marijuana during the term of her supervised release, testing positive for marijuana on multiple occasions. [[DE 100 Tr. 6:12-7:8.]

Second, Smith argues that her sentence should be vacated because she "followed terms and conditions," presumably of her supervised release. [DE at 6.] As recounted above, Smith admitted in open court to multiple knowing violations of the terms of her supervised release.

Third, Smith argues that she was "led to believe that 10 months imprisonment was the minimum sentence." This too is belied by Smith's own statements. The signed Agreed Disposition of Supervised Release Violations specifically stated that "the suggested range of incarceration is between 7 and 13 months." [DE 93.] Smith further agreed under oath that she had reviewed and discussed with her counsel the contents of her Summary Report of Violations, which likewise contained the sentencing options which were available. [DE 100 Tr. 4:1-13.]

ACCORDINGLY: Petitioner Ikedia Smith's motion to vacate her sentence pursuant to § 2255 is DENIED.

SO ORDERED July 12, 2018

/s/ Philip P. Simon
Philip P. Simon, Judge
United States District Court